**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 22 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO-SE:

**CHUCK W. ADAMS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEES:

**DAVID D. BECSEY**
Zeigler Cohen & Koch
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHUCK W. ADAMS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1104-CT-218 |
| | ) | |
| MAURO CHAVEZ, M.D., | ) | |
| PRISON HEALTH SERVICES, | ) | |
| GIL KAUFMAN, Regional Director, | ) | |
| Prison Health Services, | ) | |
| CRAIG UNDERWOOD, Regional Vice- | ) | |
| President, Prison Health Services, and | ) | |
| DEAN REIGER, Medical Director, | ) | |
| Indiana Department of Correction, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Timothy W. Oakes, Judge
Cause No. 49D13-1005-CT-22119

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-plaintiff Chuck W. Adams appeals the trial court's order granting summary judgment in favor of appellees-defendants Mauro Chavez, M.D., Prison Health Services; Gil Kaufman, Regional Director, Prison Health Services; Craig Underwood, Regional Vice-President, Prison Health Services; and Dean Reiger, Medical Director, Indiana Department of Correction (collectively, "the Appellees"). Adams essentially argues that the trial court erred when it denied his fourth request for additional time to respond to the Appellees' motion for summary judgment. Additionally, Adams contends that the trial court erred by granting the Appellees' motion for summary judgment because the doctrine of res ipsa loquitur relieved him from having to oppose the opinion of the Medical Review Panel with a contradictory expert opinion. Finding no error, we affirm the decision of the trial court.

<u>FACTS</u>

In September 1999, Adams was in prison at the Wabash Valley Correctional Facility. Dr. Chavez was employed by Prison Health Services and was assigned to provide medical care at the Wabash Valley facility. Kaufman and Underwood were employed by Prison Health Services to train and oversee prison physicians, including Dr. Chavez.

On September 27, 1999, Adams was examined by Dr. Chavez, complaining of arm and hand pain. Dr. Chavez prescribed Feldene (Piroxicam), a non-steroidal anti-inflammatory medication (NSAID) for Adams's symptoms. Adams developed abdominal and chest pain after he began taking the medication.

On November 4, 1999, Adams was examined again by Dr. Chavez, and after discussing Adams's complaints, Dr. Chavez gave Adams the authority to stop taking Feldene. On November 9, 1999, Adams fainted and vomited blood. Adams was taken to the hospital and was found to have developed a stomach ulcer that was repaired.

Adams alleged that Dr. Chavez negligently prescribed Feldene and negligently delayed seeing him for his pain and that Underwood and Kaufman negligently employed and supervised Dr. Chavez. In addition, Adams asserted that the alleged negligent conduct was the cause of his ulcer, continued physical pain, diminished life expectancy, and risk of blood borne diseases.

Adams filed a proposed complaint for medical malpractice with the Indiana Department of Insurance on September 28, 2001. A Medical Review Panel was selected to review the evidence submitted by the parties. On December 23, 2009, the Medical Review Panel determined that "[t]he evidence does not support the conclusion that the [Appellees] failed to meet the applicable standard of care as charged in the complaint." Appellant's App. p. 28.

Adams continued to pursue his claims by filing the instant complaint for medical malpractice in the Marion Superior Court on April 29, 2010. The complaint named the

3

same defendants and mirrored in all pertinent respects the proposed complaint he had filed with the Department of Insurance, including medical malpractice arising out of the prescription for Feldene and claimed injuries alleged to have been caused by that medication.

On August 20, 2010, the Appellees filed a motion for summary judgment based upon the favorable opinion issued by the Medical Review Panel. After allowing Adams three extensions and continuances, the trial court denied a fourth request and held a hearing on the motion on January 24, 2011. Adams participated in the hearing by telephone.

At the hearing, Adams challenged the trial court's determination that the Appellees were entitled to judgment as a matter of law, arguing that the res ipsa loquitur doctrine applied to his claim because the Appellees were in control of his prescription. Adams asserted that a jury could determine whether the medication was prohibited and whether Dr. Chavez breached the standard of care by prescribing the medication. Adams also maintained that res ipsa loquitur relieved him of the burden of providing an expert opinion to rebut the opinion of the Medical Review Panel. The trial court granted the Appellees' motion for summary judgment on January 28, 2011.

On February 23, 2011, Adams filed a motion to correct error, challenging the trial court's denial of his fourth emergency motion for enlargement of time and granting summary judgment in favor of the Appellees in light of the res ipsa loquitur doctrine. The trial court denied this motion on March 4, 2011. Adams appeals pro se.

4

## DISCUSSION AND DECISION

## I. Standard of Review

Adams is appealing from denial of a motion to correct error. When reviewing a trial court's denial of a motion to correct error, we will reverse only when there has been an abuse of discretion. Centennial Mortgage, Inc. v. Blumenfeld, 745 N.E.2d 268, 273 (Ind. Ct. App. 2001). An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. Id. The trial court's decision on a motion to correct error comes to us cloaked with a presumption of correctness, and the appellant has the burden of showing an abuse of discretion. Peterson v. Burton, 871 N.E.2d 1025, 1028 (Ind. Ct. App. 2007).

## II. Denial of Extension of Time

Adams argues that the trial court erred when it denied his fourth request for an extension of time to file his response to the Appellees' motion for summary judgment. When a motion for an extension of time is not based upon statutory grounds, the decision whether to grant the motion is within the trial court's sound discretion. Evans v. State, 855 N.E.2d 378, 386 (Ind. Ct. App. 2006). The appellant must overcome a strong presumption that the trial court properly exercised its discretion. Id. Additionally, the appellant has the burden of showing how he was prejudiced as a result of the trial court's denial of his motion. Id. at 386-87.

Here, the trial court had granted Adams three extensions of time to respond to the Appellees' motion for summary judgment and three continuances of the hearing set on that motion. Appellant's App. p. 3-5. In his fourth motion, Adams again alleged that his poor health prevented him from preparing his response and for the hearing. However, Adams offered no explanation of why he needed more time to oppose the opinion of the Medical Review Panel.

In Adams's motion to correct error, he claimed that the trial court's denial in view of a "heart condition and lack of access to the law library made it impossible to comply with his current deadlines and be ready for hearing as then scheduled." Appellant's App. p. 54-55. Nevertheless, Adams failed to give the trial court any indication of what kind of information he expected to gather in the law library to advance his case when his entire response was that the doctrine of res ipsa loquitur relieved him of his burden of providing an expert opinion to contradict the opinion of the Medical Review Panel.

Notwithstanding the above, Adams asserts that had he been granted an extension and permitted to file a written response, he would have been able to designate his complaint as evidence and shown the trial court that pursuant to Johnson v. Waite, 947 N.E.2d 951 (Ind. Ct. App. 2011), trans. denied, he satisfied the test for the application of res ipsa loquitur. In Johnson, the plaintiff appealed the trial court's refusal to give an instruction on res ipsa loquitur on her claim that she suffered an undiagnosed shoulder dislocation and fracture during her hospital stay for the delivery of her fourth child. Id. at 955. A panel of this Court found no error, reasoning that there was "a dearth of evidence

6

as to exactly how and when [the plaintiff's] shoulder injuries occurred." Id. at 961. And "[w]ithout that evidence, [the plaintiff] could not establish that [her] injuries resulted from an instrumentality in the defendants' exclusive control, which is a requirement for application of the doctrine of res ipsa loquitur." Id.

Contrary to Adams's claim that Johnson supports his position, it actually thwarts it. More particularly, in this case, there is a similar dearth of evidence as to how and when Adams's ulcer developed. Moreover, Adams was permitted to argue for the application of res ipsa loquitur at the summary judgment hearing, in which he participated by telephone. Tr. p. 11.

As will be discussed in more detail below, the deficiency in Adams's argument lies in the fact that the res ipsa loquitur docrine does not apply in this case. Put another way, nothing was to be gained by giving Adams additional time to argue for the application of the doctrine. Accordingly, Adams was not prejudiced by the trial court's refusal to extend time for a response and continue the hearing.

### III. Summary Judgment

Adams contends that the trial court erred when it granted summary judgment in favor of the Appellees. When reviewing a grant of summary judgment, we apply the same standard as the trial court, namely, summary judgment should be granted only if the designated evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Scribner v. Gibbs, 953 N.E.2d 475, 479 (Ind. Ct. App. 2011); see also Ind. Trial Rule 56(C). Additionally, we must

7

construe all factual inferences in favor of the nonmoving party, and all doubts as to the existence of a material issue must be resolved against the moving party. Id.

In the instant case, the Appellees designated the unanimous opinion issued by the Medical Review Panel that the evidence submitted did not support the conclusion that the Appellees failed to meet the standard of care. We have recognized that an opinion of the Medical Review Panel is admissible and sufficient to satisfy the movant's initial burden of showing no genuine issue of material fact on the standard of care issue. Hoskins v. Sharp, 629 N.E.2d 1271, 1277 (Ind. Ct. App. 1994).

The burden of proof then shifted to Adams to respond by designating evidentiary matter which demonstrated a genuine issue which necessitated a trial. However, as discussed above, Adams merely asserted that the doctrine of res ipsa loquitur relieved him of the burden to designate an expert opinion that contradicted the opinion of the Medical Review Panel. In other words, Adams argues the doctrine of res ipsa loquitur itself created a genuine issue of material fact on the standard of care issue sufficient to necessitate a trial.

Generally, to establish and show a breach of the applicable standard of care in medical malpractice cases, a plaintiff must present expert testimony. Syfu v. Quinn, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005). Nevertheless, there are certain situations in which a physician's allegedly negligent conduct is so obvious that expert testimony is unnecessary. Id. These cases are those fitting into the "common knowledge" or res ipsa loquitur exception. Id. This exception is limited to situations "in which the physician's

8

conduct is so obviously substandard that one need not possess medical expertise in order to recognize the breach of the applicable standard of care." Id. Furthermore, this exception has typically been applied in cases in which physicians have left foreign objects in the body of a patient. Id. at 705.

The doctrine of res ipsa loquitur is an exception to the general rule that the mere fact of injury will not create an inference of negligence. Id. at 703. Accordingly, the doctrine is a rule of evidence which allows an inference of negligence to be drawn from certain surrounding facts. Id. To establish res ipsa loquitur, the plaintiff must establish: (1) the injury is one which ordinarily does not occur in the absence of negligence; (2) the injury was caused by an agency within the defendant's exclusive control; and (3) the injury was not due to any voluntary act on the plaintiff's part. Johnson, 947 N.E.2d at 960.

Here, we cannot say that the cause of Adams's injuries of which he complains, including his bleeding ulcer are within realm of common knowledge, and, therefore, he cannot satisfy the first element of the res ipsa loquitur doctrine. Consequently, an expert opinion was required to rebut the opinion of the Medical Review Panel and create a genuine issue of material fact for trial, and we affirm the decision of the trial court.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.

9